**VISTA CHEVROLET, INC., Petitioner,**

v.

**Kelly LEWIS, Respondent.**

**No. C–4708.**

Supreme Court of Texas.

March 5, 1986.

Rehearing Denied June 4, 1986.

Porter, Rogers, Dahlman & Gordon, Rich Rogers, Corpus Christi, for petitioner.

C.M. Henkel, III, Corpus Christi, for respondent.

PER CURIAM.

This is a suit for damages for the purchase of a defective automobile. The Lewises sued Vista Chevrolet under section 2.608 of the Commercial Code for revocation of acceptance and under the Texas Deceptive Trade Practices Act. Tex.Bus. Comm.Code Ann. § 2.608, § 17.41 et seq.

The court of appeals affirmed the award for revocation of the acceptance but found there was no evidence of the automobile's market value to support an award for damages under the DTPA. The court then remanded the DTPA portion of the cause for a new trial to determine market value. 704 S.W.2d 363.

"Generally, if the court of appeals sustains a 'no evidence' point, it is the court's duty to render judgment for appellant." *National Life Accident Insurance Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex.1969). This is such a basic rule of law that we are convinced that the court of appeals meant to find insufficient evidence and remand, or find no evidence and render. The Lewises have not attacked the no evidence holding

in this court, perhaps because of the judgment of remand, only. Faced with such an obvious contradiction we would ordinarily feel constrained to remand this cause back to the court of appeals so that they might resolve the inconsistency. This would allow the Lewises to complain to us if the court of appeals rendered against them on a no evidence finding. But, in this case, that would amount to nothing more than a waste of judicial effort and added expense to the litigants. There was no evidence to support the jury's answer to market value. Rendition is proper.

Pursuant to Rule 483, we grant Vista's application for writ of error, and, without hearing oral argument, affirm the award of damages based on revocation of acceptance but reverse and render judgment that the Lewises take nothing on the DTPA claim.