**Affirmed and Memorandum Opinion filed December 1, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00009-CV

---

**DONGSHENG HUANG, Appellant**

**V.**

**RIVERSTONE RESIDENTIAL GROUP (ALEXAN PINEY CREEK), LKQ BEST AUTOMOTIVE, LP D/B/A SUNDOWN AUTO STORAGE, AND OVERHAULINPRO.COM, LLC D/B/A YOUR PARKING SOLUTION, Appellees**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 977088**

---

## M E M O R A N D U M   O P I N I O N

Appellant Dongsheng Huang appeals from a final judgment in favor of appellees Riverstone Residential Group (Alexan Piney Creek), LKQ Best Automotive, LP d/b/a Sundown Auto Storage, and Overhaulinpro.com, LLC d/b/a Your Parking Solution pursuant to Chapter 2308 of the Texas Occupations Code, known as the Texas Towing and Booting Act. *See* TEX. OCC. CODE ANN. §§ 2308.001–.505 (West Supp. 2011). We affirm.

BACKGROUND

Huang alleges through undisputed facts that Overhaulinpro.com, LLC d/b/a Your Parking Solution (Overhaul) towed his 1997 Honda from the Piney Point Apartments on September 21, 2010, without consent, resulting in $187.89 in towing fees. Huang requested a hearing under Chapter 2308 in the justice of the peace court. After conducting a hearing on October 27, 2010, the justice court signed findings of fact and conclusions of law, concluding that there was probable cause to authorize the removal of Huang's vehicle.

Huang appealed the justice court's decision to the county court for trial de novo. The court conducted a bench trial on December 13, 2010, and entered a final judgment, without findings, through which the court concluded that there was probable cause for the towing. Huang filed a "Motion to vacate the Dec-13-2010 Judgment and to write a new Judgment," which was overruled by operation of law. This appeal followed. In three issues, Huang appeals the trial court's determination that there was probable cause for the towing of his vehicle. Specifically, Huang claims (1) a towing company must meet the requirements for posting signs prohibiting unauthorized vehicles pursuant to the Texas Towing and Booting Act before it can tow any vehicle without consent; (2) Overhaul violated the requirements for posting such signs; and (3) there was no probable cause for the non-consent towing of Huang's vehicle by Overhaul.

## ANALYSIS

Huang's arguments do not clearly delineate whether he asserts a legal or factual sufficiency challenge to the trial court's probable-cause determination. However, because the relief he consistently seeks is rendition in his favor, we construe Huang's appellate issues as a challenge to the legal sufficiency of the evidence to support the trial court's determination that probable cause existed to tow the vehicle. *See Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 176 (Tex. 1986) (per curiam) (reiterating the well-settled rule that "no evidence" points require rendition in favor of the appealing party); *Elias v. Mr. Yamaha, Inc.*, 33 S.W.3d 54, 59 & n.6 (Tex. App.—El Paso 2000, no pet.)

(construing the appellant's challenge as a legal sufficiency challenge because he asked the appellate court to render judgment in his prayer for relief).

Under the Texas Towing and Booting Act, the owner of a vehicle towed and placed in a storage facility without consent is "entitled to a hearing on whether probable cause existed for the removal and placement or booting." TEX. OCC. CODE ANN. § 2308.452. The burden of proof is on the party who requested the hearing.[1]

Where, as here, the trial court enters a final judgment upon a bench trial without findings of fact or conclusions of law, all facts necessary to support the judgment are implied. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). When the appellate record includes the reporter's record, implied findings may be challenged on appeal for legal and factual sufficiency. *BMC Software Belg., N.V.*, 83 S.W.3d at 795. However, there is no reporter's record in this case. According to the December 13, 2010 final judgment, the trial court conducted a bench trial on the matters in controversy. The official court reporter certified that no reporter's record of the bench trial exists. When there is no reporter's record, we indulge every presumption in favor of the trial court's findings. *Bryant v. United Shortline, Inc. Assurance Servs. N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

Here, although the justice court made findings of fact and conclusions of law, the county court conducting the de novo review did not make such findings. In a case such as this, when there is no reporter's record and there are no findings of fact, we will assume the trial court heard sufficient evidence to make all the necessary findings needed to support the judgment. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). Therefore, we do not review Huang's challenge to the sufficiency of the evidence. *See In re J.C.*, 250 S.W.3d 486,

_____

[1] *See* Acts of June 19, 2009, 81st Leg., R.S., ch. 845, § 28, 2009 Tex. Gen. Laws 2092, 2097, and ch. 1310, § 19, 2009 Tex. Gen. Laws 4113, 4118, *amended by* Act of June 17, 2011, 82nd Leg., R.S., ch. 353, § 16, 2011 Tex. Gen. Laws 973, 976.

489 (Tex. App.—Fort Worth 2008, pet. denied) (refusing to review the appellant's sufficiency of the evidence arguments in the absence of a reporter's record). Thus, we overrule all of Huang's issues.

Having overruled all of Huang's issues, we affirm the trial court's judgment.



/s/    Sharon McCally
        Justice


Panel consists of Justices Brown, Boyce, and McCally.