

# NUMBER 13-11-00605-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DAVID D. GONZALEZ, AS AN INDIVIDUAL
AND AS TRUSTEE, AND GONZALEZ
FINANCIAL HOLDINGS, INC.,                                    Appellants,

v.

ANITA PEREZ,                                                  Appellee.

On appeal from the 430th District Court
of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Justice Rodriguez**

Appellee Anita Perez filed suit against appellants Gonzalez Financial Holdings,

Inc. (GFH) and David D. Gonzalez, alleging violations of the Texas Deceptive Trade

Practices—Consumer Protection Act (DTPA), fraud, conversion, and breach of contract. The trial court granted Perez's motion for partial summary judgment on liability for all causes of action. Then, after an evidentiary hearing on damages, the trial court found appellants knowingly violated the DTPA, entered final judgment against appellants, and awarded Perez economic damages, additional damages, pre-judgment and post-judgment interest, and attorney's fees. By a single issue challenging the additional damages awarded under the DTPA, appellants contend that the evidence is legally insufficient to establish that appellants knowingly violated the DTPA.[1] We affirm.

## I. BACKGROUND[2]

It is undisputed that Perez assigned her taxes to GFH for paying her delinquent property taxes. Perez also executed a promissory note to GFH for $20,117.93. A deed of trust secured the note, naming Gonzalez, the president of GFH, as trustee. Perez fell behind on the note, and her home was sold at foreclosure for $38,001.00. Perez testified that she first heard of the foreclosure sale when the new owner told her that she had three days to vacate her home. After she learned of the foreclosure, Perez contacted appellants through her daughter-in-law.

Gonzalez's deposition testimony was read into evidence at the hearing on

---

[1] It is not clear from appellants' brief whether they are attacking the legal or factual sufficiency of the evidence to support the findings in favor of the judgment. However, appellants claim that Perez failed to produce evidence that appellants knowingly violated her rights under the DTPA, and appellants ask this Court to "reverse and render the judgment that [Perez is] denied additional damages under [t]he DTPA." Rendition of judgment is appropriate when the evidence is legally insufficient. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 177 (Tex. 1986) (per curiam); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). Thus, we conclude appellants' challenge is to the legal sufficiency of the evidence.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

damages. Through his testimony, Gonzalez explained that Perez's deed of trust and a foreclosure notice would have provided Perez with information on how she should initiate a request for excess proceeds from the foreclosure sale. The deed of trust in this case, however, did not refer to a release as part of this process. And, we have found no foreclosure notice in the record. Furthermore, Perez claims that at the time she signed the deed of trust, appellants did not inform her that she would be required to sign a form, which she described as a waiver, release, and indemnity form, in order to receive any excess proceeds from the foreclosure sale of her house. Because Perez and her counsel refused to sign the requested form, appellants would not release the excess proceeds from the foreclosure sale.

Perez sued appellants "for wrongfully keeping money [from the foreclosure of her home] that belongs to her and making misrepresentations to her." In her petition, Perez asserted that appellants "demanded, as a condition for returning the excess proceeds, that [she] release them of all liability, something that is not required under law or contract." Perez filed a motion for partial summary judgment on liability only. The trial court granted her motion. Two months later, following a hearing on damages, the trial court entered a final judgment against appellants, awarding Perez $14,000.00 in economic damages with pre-judgment interest of $2,508.33. Finding appellants knowingly violated the DTPA, the trial court awarded Perez additional damages of $28,000.00. It also awarded post-judgment interest and attorney's fees of $31,780.00. This appeal, challenging only the award of additional damages, ensued.[3]

---

[3] Appellants do not challenge liability, the award of economic damages or attorneys' fees, or the amount of additional damages awarded.

3

## II. STANDARD OF REVIEW AND APPLICABLE LAW

When the appellate record includes the reporter's record, as in this case, the trial court's findings are not conclusive and may be challenged on appeal for evidentiary sufficiency. *Sixth RMA Partners v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003). We review a trial court's findings for legal sufficiency by the same standard applied to a jury verdict. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam); *Moore v. Jet Stream Invs., Ltd.*, 315 S.W.3d 195, 203 (Tex. App.—Texarkana 2010, pet. denied) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)).

In reviewing the legal sufficiency of the evidence, we view all evidence in the light most favorable to the judgment and indulge every reasonable inference in support of that finding, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 822 (Tex. 2005). The test is "whether the evidence at trial would enable reasonable and fair-minded people to reach the [judgment] under review." *Id.* at 827. A legal sufficiency challenge will be sustained if the record shows one of the following: (1) a complete absence of evidence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Id.* at 810. If there is more than a scintilla of evidence to support the challenged finding, this Court must uphold it. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

The DTPA provides for the award of additional damages for statutory violations that are committed "knowingly." TEX. BUS. & COM. CODE ANN. § 17.50(b)(1) (West 2011). The DTPA defines "knowingly" as "actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim." *Id.* § 17.45(9) (West 2011). "Actual awareness" does not mean merely that a person knows what he is doing. *St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, 974 S.W.2d 51, 53-54 (Tex. 1998) (op. on reh'g) (per curiam); *see Daugherty v. Jacobs*, 187 S.W.3d 607, 618 (Tex. App.—Houston [14th Dist.] 2006, no pet.). It is more than conscious indifference toward another's rights or welfare; rather, actual awareness means that a person knows that what he is doing is false, deceptive, or unfair. *St. Paul Surplus Lines Ins. Co.*, 974 S.W.2d at 54; *Daugherty*, 187 S.W.3d at 618. In this case, we must affirm the trial court's finding if we find more than a scintilla of evidence that appellants' conduct fit within the definition of "knowingly." *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995).

## III. DISCUSSION

After providing this Court with authority regarding the award of additional damages under the DTPA, appellants presented their argument, which follows in its entirety:

> At the hearing on damages, [Perez] failed to show evidence that [DFH and Gonzalez] knew that the requirement to fill out the form in order for [Perez] to receive the excess proceeds was false, deceptive or unfair. The only evidence [Perez] produced was testimony of [sic] that she was inconvenienced and had to take care of her family by making several small loans. [Perez] never offered testimony that [DFH and Gonzalez] knew such a requirement was done for the sole purpose to defraud or deceive [Perez]. Defendant Danny Gonzalez states in his deposition that as soon as he was contacted by [Perez] via [her] attorney he only required them to fill out a form and [Perez's] counsel refused. Such evidence does not give

5

rise to a knowing violation under the DTPA. Therefore, the trial court erred by awarding additional damages in the amount of $28,000.00. (Record citations omitted.)

However, at the hearing on damages, the trial court admitted Perez's first request for admissions propounded on David Gonzalez, the president and manager of GFH. Relevant to our analysis, the admissions included the following: (1) "After the November 6, 2007 foreclosure sale, you represented to [Perez] that, to receive the excess proceeds from the foreclosure sale, she would need to waive, release, or hold harmless you and the trustee who sold [Perez's] property"; and (2) "You knew that the representation . . . was false when it was made."[4] Because appellants did not timely respond to Perez's request for admissions, they were deemed admitted. See TEX. R. CIV. P. 198.2. Appellants did not request withdrawal or amendment of these admissions. See id. at R. 198.3. Therefore, through their deemed admissions, appellants admitted that they represented to Perez that she would need to sign a release before she could receive the excess proceeds from the foreclosure sale, even though they knew that this representation was false. In other words, based on their admissions, appellants knew that Perez did not need to sign a release before she could receive the excess proceeds.

Appellants refer us to no authority or record documentation that supports their position that Perez had to sign a release before she could receive the excess proceeds. At the hearing, they offered no conflicting or controverting evidence—i.e., that they did not know that the representation they made to Perez was false. The only evidence appellants offered was Gonzalez's deposition testimony regarding whether Perez was

---

[4] Perez also sent a first request of admissions to DFH. It included these identical requests. During the hearing, the trial court acknowledged that Perez's request to DFH was on file and that it had deemed the requests admitted.

6

informed that she should initiate the request for any excess proceeds from a foreclosure sale.

Therefore, viewing all evidence in the light most favorable to the judgment and indulging every reasonable inference in support of the "knowingly" finding, we conclude that the evidence is legally sufficient to support the trial court's finding that appellants knowingly violated the DTPA. *See City of Keller*, 168 S.W.3d at 807, 822. The trial court's finding is supported by more than a scintilla of evidence that appellants' conduct fit within the definition of "knowingly"; that appellants were actually aware that their actions toward Perez were false. *See Crye*, 907 S.W.2d at 499; *see also* TEX. BUS. & COM. CODE ANN. § 17.45(9); *St. Paul Surplus Lines Ins. Co.*, 974 S.W.2d at 54; *Daugherty*, 187 S.W.3d at 618. Having concluded that there is more than a scintilla of evidence to support the challenged finding, we must uphold the trial court's judgment. *See Formosa Plastics Corp. USA*, 960 S.W.2d at 48; *see also City of Keller*, 168 S.W.3d at 810. We overrule appellants' sole issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 13th
day of December, 2012.

7