ACCEPTED
14-14-00592-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
2/6/2015 4:01:46 PM
CHRISTOPHER PRINE
CLERK

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

2/6/2015 4:01:46 PM

CHRISTOPHER A. PRINE
Clerk

## No. 14-14-00592-CV

In the

# Court of Appeals for the 14th District

of the

# State of Texas

————————◆————————

# HIS ONE STOP BUSINESS, INC. ET AL.

*Appellants*

# V.

# MARK HOLLE AS TRUSTEE OF THE HOLLE TRUST

*Appellees*

————————◆————————

# APPELLANTS' BRIEF

————————◆————————

**ERNIE GARCIA**
**616 CYPRESS CREEK PKWY**
**SUITE 105**
**HOUSTON, TEXAS 77090**

## ORAL ARGUMENT IS REQUESTED

# IDENTITY OF THE PARTIES

Appellants: His One Stop Business, Inc.
Monica Barger
Chris Barger

Appellants' Counsel in The Appeals Court: Ernie Garcia
616 Cypress Creek Parkway
Suite 105
Houston, Texas 77090

Appellee's Counsel in the Appeals Court: Jason D. Kraus
13910 Champion Forest Drive
Suite 110
Houston, Texas 77069

Appellee: Mark Holle as Trustee of The Holle Trust

i

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES ...................................................................................... i

TABLE OF CONTENTS ........................................................................................... ii

INDEX OF AUTHORITIES ....................................................................................... iii

STATEMENT OF THE CASE ..................................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ....................................................... 3

STATEMENT OF FACTS ........................................................................................... 4

SUMMARY OF THE ARGUMENT ............................................................................ 6

ISSUE ONE ............................................................................................................... 7

ISSUE TWO ............................................................................................................. 13

ISSUE THREE .......................................................................................................... 17

ISSUE FOUR ........................................................................................................... 21

ISSUE FIVE ............................................................................................................. 24

PRAYER ................................................................................................................... 27

CERTIFICATE OF SERVICE .................................................................................... 29

APPENDICES ........................................................................................................... 29

# INDEX OF AUTHORITIES

**CASES**

*Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.,* 766 S.W.2d 264, 275 (Tex. App.–Amarillo 1988, writ denied). ...........................................................7, 17, 18, 21, 22, 25

*Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176 (Tex. 1986) (per curiam) .......7, 17, 21, 25

*Wal-Mart Stores, Inc.v. Canchola,* 121 S.W.3d 735, 739 (Tex. 2003) (per curiam)...7, 18, 21, 25

*Bocquet v.Herring,* 972 S.W.2d 19, 20-21 (Tex. 1998) ..............................8, 13, 18, 22, 25

*Gen. Tire, Inc.v. Kepple,* 970 S.W.2d 520, 526 (Tex. 1998)...........................8, 13, 18, 22

*Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). ..............................................................................................8, 13, 18, 22, 26

*Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985)......8, 9, 14, 19, 22, 23, 26, 27

*McDaniel v. Yarbrough,* 898 S.W.2d 251, 253 (Tex. 1995) .......................8, 18, 23, 27, 30

*Walker v. Guiterrez,* 111 S.W.3d 56, 62 (Tex. 2003). .................................9, 14, 19, 23, 30

*Cire v. Cummings,* 134 S.W.3d 835, 839 (Tex. 2004) ................................9, 14, 19, 23, 27

*Villarreal v. San Antonio Truck & Equip.,* 994 S.W.2d 628, 630 (Tex. 1999)...................9

*Smith v. Babcock & Wilcox Constr. Co.,* 913 S.W.2d 467, 468 (Tex. 1995) (per curiam). ........................................................................................................................9, 10, 15,

*Jimenez v. Transwestern Prop. Co.,* 999 S.W.2d at 130 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ..............................................................................................10

*Beames v. Hooks* (Tex. App., 2015) .......................................................................10, 12

*Tex. Mut. Ins. Co. v. Olivas,* 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.) . 10

*Franklin v. Sherman Indep. Sch. Dist.,* 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam). ...............................................................................10

*Dueitt v. Arrowhead Lakes Prop. Owners, Inc.,* 180 S.W.3d at 737 (Tex. App.—Waco 2005, pet. denied) .................................................................................11, 12

*Smith v. CDI Rental Equip. Ltd.,* 310 S.W.3d 559, 567 (Tex.App.—Tyler 2010) ...........15

*Armes v. Thompson,* 222 S.W.3d 79, 83-84 (Tex.App.—Eastland 2006, no pet.). .........15,

*Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661-62 (Tex. 1996) ........................................................................................................................16

*Bybee v. Fireman's Fund Ins. Co.,* 331 S.W.2d 910, 917 (Tex. 1960)............................16

*Fountain Parkway, Ltd. v. Tarrant Appr. Dist.,* 920 S.W.2d 799, 802 (Tex. App.—Fort Worth 1996, writ denied) ...................................................................... 16

*State Bar v. Gomez,* 891 S.W.2d 243, 245-46 (Tex. 1994) .............................................. 16

*Alfonso v. Skadden,* 251 S.W.3d 52, 55 (Tex. 2008) ................................................. 10, 12

*Hull v. S. Coast Catamarans, L.P.,* 365 S.W.3d 35, 45 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) ............................................................................... 19

*Holloway v. Skinner,* 898 S.W.2d 793 (Tex., 1995).......................................................... 20

*Maxey v. Citizen's Nat'l Bank,* 507 S.W.2d 722, 726 (Tex.1974) ................................... 20

*Russell v. Edgewood Indep. Sch. Dist.,* 406 S.W.2d 249, 252 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.) ......................................................................... 20

*Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.,* 948 S.W.2d 293, 299 (Tex. 1997). .................................................................................................. 27

**STATUTES**

TEX. R. CIV. P. 165a ....................................................................................................... 9

TEX. PROP. CODE ANN. § 91.006(a) ........................................................................... 27

**OTHER SOURCES**

Restatement (Third) of Agency § 6.01 (2006)............................................................. 19

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

The Appellee sued for breach of the Lease on March 22, 2013. Appellants answered the lawsuit on May 16, 2013. On September 11, 2013 the Appellants and the Appellee (Hereinafter, Parties) entered into an agreed motion for continuance. The continuance was granted, and the case was reset to trial on December 16, 2013.

The Appellants filed an amended answer and a counterclaim on October 30, 2013. Again the Parties entered into an agreed motion for continuance. The continuance was granted, and the case was reset to trial on March 24, 2014.

On September 12, 2013 the Court ordered the Parties to attend Mediation. The Appellee deposed the Appellants on October 15, 2013. The Parties attended Mediation on February 19, 2014 but were unable to reach terms of settlement.

On November 26, 2013 the Appellee filed a Motion for Summary Judgment. The Appellants filed their response to Appellee's motion on January 9, 2014. That motion was set for a hearing on January 16, 2014. The Appellee failed to appear on the date of his own hearing, and the matter was passed by the Judge.

The Appellee's Motion for Summary Judgment was re-set for a hearing on February 26, 2014. The Appellee filed a Reply to Appellants' Response to Appellee's Motion for Summary Judgment on February 24, 2014. The Appellee

again failed to appear on the date of his own hearing, and the motion was denied by the Judge on that date.

On March 3, 2014 the Appellee filed a Second Motion for Summary Judgment. That motion was set for a hearing on March 20, 2014. The Parties agreed on a Joint Motion for Continuance on March 14, 2014. The Court denied this setting, and the Court refused to sign the Joint Motion.

The case had previously been set for Trial on March 24, 2014, and the Parties were noticed to appear for trial on that date. The Appellee again failed to appear on the date of trial, and the matter was Dismissed for Want of Prosecution on March 26, 2014.

On April 7, 2014, the Appellee filed a Motion to Reinstate and set the matter for a hearing on April 22, 2014. Appellants filed their Response to Appellee's Motion on April 22, 2014. On April 22, 2014, the Court Ordered that the matter be reinstated. The matter was then re-set to Trial on June 9, 2014.

On May 29, 2014 a Petition in Intervention was filed by the Appellee eleven days prior to trial. The Appellants filed their response on June 8, 2014 with Motions in Limine. The Case Proceeded to Trial on June 9, 2014.

The County Court at Law No 1 of Harris County, Texas awarded a judgment to the Appellee on June 17, 2014 against all three Appellants. This appeal followed.

———————◆———————

**STATEMENT REGARDING ORAL ARGUMENT**

Appellant respectfully requests oral argument, believing that oral argument would be helpful to the Court in addressing issues that may arise after reading both Appellant's and Appellee's briefs.

——————————◆——————————

**ISSUES PRESENTED**

ISSUE ONE – THE TRIAL COURT ERRONEOUSLY REINSTATED THE APPELLEE'S CASE INSPITE OF AN OBJECTION HAVING BEEN RAISED BY THE APPELLANTS;

ISSUE TWO – THE TRIAL COURT ERRONEOUSLY ALLOWED THE APPELLEE TO PROCEED TO TRIAL ALTHOUGH THE APPELLEE WAS AN UNREGISTERED ENTITY WITHOUT THE CAPACITY TO MAINTAIN AN ACTION OR PROCEEDING IN TEXAS COURTS;

ISSUE THREE – THE TRIAL COURT ERRONEOUSLY ISSUED A JUDGMENT AGAINST MONICA BARGER AND CHRIS BARGER IN THEIR INDIVIDUAL CAPACITIES;

ISSUE FOUR – THE TRIAL COURT ERRONEOUSLY AWARDED DAMAGES TO THE APPELLEE AFTER THE APPELLANT TERMINATED THE LEASE BETWEEN THE PARTIES;

ISSUE FIVE – THE TRIAL COURT ERRONEOUSLY AWARDED DAMAGES TO THE APPELLEE AFTER THE APPELLANT SHOWED THAT THE APPELLEE FAILED TO PROPERLY MITIGATE ITS OWN DAMAGES.

———————◆———————

## STATEMENT OF FACTS

Appellant, His One Stop Business, Inc. (Hereinafter, HOSB) is a corporate entity formed in the State of Texas in 2011. On July 20, 2012 HOSB entered as a tenant into a commercial lease (Hereinafter, Lease) with David Holle, Truste of the Holle Trust (Hereinafter, Holle), Appellee. Monica Barger, Appellant, served as the President of HOSB, and her son Chris Barger, Appellant, served as a manager of HOSB. Both Monica Barger and Chris Barger signed the commercial lease on behalf of HOSB and paid a deposit in the amount of $1,250. Although a personal guarantee of the Lease was presented to both Monica Barger and Chris Barger, neither signed the personal guarantee.

Under the terms of the Lease, Holle undertook certain essential preparations to complete prior to the tenant taking possession of the premises. These items were specified in Section 35 of the Lease. At trial, none of the Appellee's witnesses testified that these preparations had ever been completed. Particularly, the flooring for the premises was never installed.

Section 3, subsection B of the Lease, titled "Delay of Occupancy," states "If Tenant is unable to occupy the leased premises after the 90[th] day after the Commencement Date because of construction on the leased premises to be completed by Landlord that is not substantially complete,…Tenant may terminate this lease by giving notice to the Landlord before the lease premises become available to be occupied by Tenant and Landlord will refund to Tenant any amounts paid to Landlord by Tenant." The agreeed "Commencement Date" under the terms of the Lease was August 1, 2012. The 90th day thereafter was October 31, 2012.

The Appellants sent notice of termination of the Lease and demand for the return of the initial deposit paid based on the Appellee's failure to complete these preparations. All parties recognize that the Appellants never assumed possession of the premises. The Appellee subsequently filed his lawsuit against the Appellants for damages.

————————◆————————

# SUMMARY OF THE ARGUMENT

The Trial Court abused its discretion, first, by allowing the Appellee to reinstate its case after the Trial Court dismissed the case for want of prosecution. The Trial Court also allowed the Appellee to amend its petition, changing the named Plaintiff, The Holle Trust, to David Holle, as Trustee of The Holle Trust on the date of trial. At no time was The Holle Trust a registered entity able to maintain in a court of this state an action or proceeding arising out of a contract or act in which an assumed name was used.

The Trial Court failed to recognize that Appellants Monica Barger & Chris Barger had no personal liability in this matter and awarded a judgment against them in favor of the Appellee. Both Appellants signed the Lease as agents of HOSB. The Trial Court further erred in that it continued to recognize that the contract itself continued to exist after notice of its termination had been sent in writing by the Appellants. Under the stated terms of the Lease, the Appellants were allowed to terminate the Lease for the Appellee's failure to make the unit ready to occupy.

Finally, the Trial Court erred in that it awarded damages to the Appellee inspite of the Appellee's failure to properly mitigate its own damages. The evidence presented at trial was insufficient and contradictory.

————————◆————————

THE TRIAL COURT ERRONEOUSLY REINSTATED THE APPELLEE'S CASE INSPITE OF AN OBJECTION HAVING BEEN RAISED BY THE APPELLANTS.

*Standards of Review –*

**Legal Sufficiency**

A legal sufficiency challenge asserts that there is a complete lack of evidence to support a finding. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275 (Tex. App.–Amarillo 1988, writ denied). If successful, the proper remedy for legal insufficiency of evidence generally is rendition of judgment in favor of the complaining party. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex. 1986)(per curiam). In deciding a legal sufficiency challenge, the court "view[s] the evidence in a light that tends to support the disputed finding and disregard[s] evidence and inferences to the contrary." *Wal-Mart Stores, Inc.v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam). The legal sufficiency standard is classified as either "no evidence" or "matter of law," depending on whether the complaining party had the burden of proof. *Raw Hide*, 766 S.W.2d at 275.

**Abuse of Discretion**

7

The abuse of discretion standard applies when a trial court has discretion to either grant or deny relief based on its factual determinations. *See Bocquet v.Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). Applying the abuse of discretion standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief. *See Gen. Tire, Inc.v. Kepple* , 970 S.W.2d 520, 526 (Tex. 1998).

In determining whether the trial court has abused its discretion, an appellate court reviews the record in the light most favorable to the trial court's action and indulges every legal presumption in favor of its decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). As the Texas Supreme Court has explained:

> The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable.

*Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985) (internal citations omitted). As interpreted by later courts, the *Downer* test for abuse of discretion is whether the discretionary rulings were (1) arbitrary or unreasonable *or* (2) without reference to any guiding rules and principles. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995). Thus, even if the trial court refers to the proper guiding rules and principles, an unreasonable or arbitrary

8

discretionary ruling is an abuse of discretion. *Id*. At least one court has incorrectly summarized the *Downer* test by combining the two separate formulations to form a single test. *Walker v. Guiterrez,* 111 S.W.3d 56, 62 (Tex. 2003) (the "trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles."). In a more recent case, however, the Texas Supreme Court correctly stated the *Downer* test. *See Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004).

*Argument* –

Two sources grant a trial court the authority to dismiss a suit for want of prosecution: (1) Texas Rule of Civil Procedure 165a and (2) the trial court's inherent authority. *See* TEX. R. CIV. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). The trial court may dismiss a case pursuant to Rule 165a based on "the failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice." *See Villarreal*, 994 S.W.2d at 630 (*citing* TEX. R. CIV. P. 165a(1), (2)).

When the trial court dismisses a case for want of prosecution, the court "shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained." TEX. R. CIV. P. 165a(3); *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467,

9

468 (Tex. 1995) (per curiam). A failure of the party or his attorney is not intentional or due to conscious indifference "within the meaning of the rule merely because it is deliberate; it must also be without adequate justification." *Smith*, 913 S.W.2d at 468. "Proof of such justification—accident, mistake or other reasonable explanation—negates the intent or conscious indifference for which reinstatement can be denied." *Id*. Conscious indifference "means more than mere negligence." *Id*.

The plaintiff bears the burden of demonstrating that he has diligently prosecuted his case. *See Jimenez v. Transwestern Prop. Co.*, 999 S.W.2d at 130 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *See Beames v. Hooks* (Tex. App., 2015) (*Citing Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 274 (Tex. App.—El Paso 2010, no pet.) ("The complaining party has the burden to bring forth a record to support its contention."). On appeal, this Court can review the trial court's decision "to determine whether the litigant demonstrated good cause for not prosecuting with greater diligence." *Olivas*, 323 S.W.3d at 274.

This Appellate Court can review a trial court's ruling dismissing a case for want of prosecution and a court's ruling on a motion to reinstate for an abuse of discretion. *See Smith*, 913 S.W.2d at 468; *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.—Dallas 2001, pet. denied) (per curiam). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," that is, when it acts in an arbitrary and unreasonable manner. *Dueitt v.*

10

*Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d at 737 (Tex. App.—Waco 2005, pet. denied).

The court abused its discretion in reinstating the Appellee's case because the weight of the evidence proves that the basis for the Appellee's "good cause" to reinstate was false. No valid basis to reinstate existed, so the case should have remained dismissed. The Appellee failed to supply sufficient proof which would negate the Appellee's conscious indifference in this matter. Without proof of "good cause" to reinstate, the Trial Court's decision was arbitrary and unreasonable.

The Appellee's Verified Motion to Reinstate simply states facts of the case. (CR, Vol. 1 of 1, pages 30-33). Section 4 of Appellee's Motion states "[Appellee's] counsel inadvertently misread the office calendar and assumed the matter was set for hearing by submission." However, the matter in question was not a hearing date. Appellee's Counsel refers to the Motion for Continuance, which he filed on March 14, 2014. The setting, where Appellee's Counsel failed to appear was a trial setting on March 26, 2014, which he acknowledges in this own Motion. (CR, Vol. 1 of 1, page 31).

Appellants' Response to Appellee's Motion was filed on April 21, 2014 and featured an exhibit from the office of Appellee's Counsel. (CR, Vol. 1 of 1, pages 39-44). Exhibit A of the Appellants' Response to Appellee's Motion to Reinstate shows an Email message from the office of Appellee's Counsel, which states "The

Court just called and our hearing for continuance will need to be heard on Monday, March 24." (CR, Vol. 1 of 1, page 42). While it is true that there may have been an issue with regard to a hearing, it is also true that Counsel for the Appellee was fully aware that the Trial Court had not granted the Motion for Continuance. Nothing in Counsel's Verified Motion to Reinstate mentions why he failed to appear on the date of trial. (CR, Vol. 1 of 1, pages 39-44). It only mentions his reason for not attending the hearing on his Motion for Continuance believing it to be set "by submission."

Insufficient evidence exists for the Trial Court to have granted the Motion to Reinstate. There is no indication that the Court used "guiding rules or principles" to reinstate the case in this matter, as required under *Dueitt.* 180 S.W.3d at 737 (Tex. App.—Waco 2005, pet. denied). The accident or mistake proposed by the Appellee's Counsel referred to his understanding of the hearing which he believed to be by submission. The Motion made no mention of the Trial setting.

Additionally there is no proof in the record that Counsel for the Appellee met his burden of demonstrating that he has diligently prosecuted his case as required under the ruling this year of the First Court of Appeals in *Beames v. Hooks*. (Tex. App., 2015). Without such proof, the Trial Court was in error to grant the Appellee's Motion to Reinstate. As such, this Court should reverse the Trial Court's ruling granting the Appellee's Motion to Reinstate, and this case should again be dismissed for want of prosecution.

—————————◆—————————

## ISSUE TWO

THE TRIAL COURT ERRONEOUSLY ALLOWED THE APPELLEE TO PROCEED TO TRIAL ALTHOUGH THE APPELLEE WAS AN UNREGISTERED ENTITY WITHOUT THE CAPACITY TO MAINTAIN AN ACTION OR PROCEEDING IN TEXAS COURTS.

*Standard of Review –*

**Abuse of Discretion**

The abuse of discretion standard applies when a trial court has discretion to either grant or deny relief based on its factual determinations. *See Bocquet v.Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). Applying the abuse of discretion standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief. *See Gen. Tire, Inc.v. Kepple* , 970 S.W.2d 520, 526 (Tex. 1998).

In determining whether the trial court has abused its discretion, an appellate court reviews the record in the light most favorable to the trial court's action and indulges every legal presumption in favor of its decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). As the Texas Supreme Court has explained:

The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable.

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985) (internal citations omitted). As interpreted by later courts, the *Downer* test for abuse of discretion is whether the discretionary rulings were (1) arbitrary or unreasonable *or* (2) without reference to any guiding rules and principles. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995). Thus, even if the trial court refers to the proper guiding rules and principles, an unreasonable or arbitrary discretionary ruling is an abuse of discretion. *Id*. At least one court has incorrectly summarized the *Downer* test by combining the two separate formulations to form a single test. *Walker v. Guiterrez*, 111 S.W.3d 56, 62 (Tex. 2003) (the "trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles."). In a more recent case, however, the Texas Supreme Court correctly stated the *Downer* test. *See Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004).

*Argument –*

The record shows that the Lease in question was entered into by the assumed named "The Holle Trust." (RR Vol. 4 of 4, page 6). Counsel for the Appellee stated correctly on the first day of Trial on June 9, 2014, "I'm here to represent David Holle

14

as Trustee of the Holle Trust and he is essentially being substituted in for the Holle Trust, which is not an entity." (RR Vol. 2 of 4, page 5, lines 20-22). In fact there is no record on file that proves anything other than the fact that The Holle Trust is an unregistered entity.

"A person who fails to comply with Chapter 71 of the Texas Business and Commerce Code may not maintain in a court of this state an action or proceeding arising out of a contract or act in which an assumed name was used." Tex. Bus. Com. Code §71.201. If an entity does not exist at the time suit was filed, then it does not have standing to assert a claim. *Smith v. CDI Rental Equip. Ltd.*, 310 S.W.3d 559, 567 (Tex.App.—Tyler 2010) (*Citing Armes v. Thompson*, 222 S.W.3d 79, 83-84 (Tex.App. —Eastland 2006, no pet.) (Decedent did not have actual or legal existence, did not represent a legal entity for purposes of filing suit, had no standing, and her petition did not invoke the trial court's jurisdiction.)).The Holle Trust is not now, nor ever has been registered to do business in the State of Texas and so lacks standing to bring a lawsuit in Texas Courts.  The Appellee's petition as drawn must then be dismissed as a matter of law. (CR, Vol. 1 of 1, pages 4-23).

A party has standing when it is personally aggrieved and has capacity when it has the legal authority to act. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661-62 (Tex. 1996). In this case, David Holle was not personally aggrieved. Therefore David Holle would not have standing to bring the lawsuit in

question. A plea to the jurisdiction is proper when pleadings show on their face that the court does not have subject matter jurisdiction. *See, e.g., Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 917 (Tex. 1960); *Fountain Parkway, Ltd. v. Tarrant Appr. Dist.*, 920 S.W.2d 799, 802 (Tex. App.—Fort Worth 1996, writ denied). (CR, Vol. 1 of 1, pages 4-23). It is clear from Appellee's petition the court does not have jurisdiction because there is no justiciable issue in this case that this court can resolve. The Appellee's petition does not allege a real controversy between the parties that could be resolved by the judicial relief Appellee seeks. *See, e.g., State Bar v. Gomez*, 891 S.W.2d 243, 245-46 (Tex. 1994) (district court did not have authority to compel the State Bar or the Supreme Court to implement mandatory pro bono). Subject-matter jurisdiction is essential for a court to have authority to decide a case; it is never presumed, cannot be waived, and can be raised any time. *See Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008).

The Holle Trust was not properly registered with the State of Texas. David Holle as Trustee of the Holle Trust could not maintain in a court of this state an action or proceeding arising out of a contract or act in which the assumed name "The Holle Trust" was used. Because the Appellee could not raise its petition in a Texas Court, no judgment could flow from such a petition. As such, any judgment from such a case would be void.

16

As the Trial Court lacked jurisdiction in this matter, the case should be dismissed as a matter of law.

———————◆———————

## ISSUE THREE

THE TRIAL COURT ERRONEOUSLY ISSUED A JUDGMENT AGAINST MONICA BARGER AND CHRIS BARGER IN THEIR INDIVIDUAL CAPACITIES.

*Standard of Review –*

**Legal Sufficiency**

A legal sufficiency challenge asserts that there is a complete lack of evidence to support a finding. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co*., 766 S.W.2d 264, 275 (Tex. App.–Amarillo 1988, writ denied). If successful, the proper remedy for legal insufficiency of evidence generally is rendition of judgment in favor of the complaining party. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex. 1986) (per curiam). In deciding a legal sufficiency challenge, the court "view[s] the evidence in a light that tends to support the disputed finding and disregard[s] evidence and inferences to the contrary." *Wal-Mart Stores, Inc.v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam). The legal sufficiency standard is classified as either "no evidence" or "matter of law," depending on

17

whether the complaining party had the burden of proof. *Raw Hide*, 766 S.W.2d at 275.

**Abuse of Discretion**

The abuse of discretion standard applies when a trial court has discretion to either grant or deny relief based on its factual determinations. *See Bocquet v.Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). Applying the abuse of discretion standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief. *See Gen. Tire, Inc.v. Kepple* , 970 S.W.2d 520, 526 (Tex. 1998).

In determining whether the trial court has abused its discretion, an appellate court reviews the record in the light most favorable to the trial court's action and indulges every legal presumption in favor of its decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). As the Texas Supreme Court has explained:

> The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable.

> *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex.

1985) (internal citations omitted). As interpreted by later courts, the *Downer* test for abuse of discretion is whether the discretionary rulings were (1) arbitrary or

18

unreasonable *or* (2) without reference to any guiding rules and principles. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995). Thus, even if the trial court refers to the proper guiding rules and principles, an unreasonable or arbitrary discretionary ruling is an abuse of discretion. *Id*. At least one court has incorrectly summarized the *Downer* test by combining the two separate formulations to form a single test. *Walker v. Guiterrez*, 111 S.W.3d 56, 62 (Tex. 2003) (the "trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles."). In a more recent case, however, the Texas Supreme Court correctly stated the *Downer* test. *See Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004).

*Argument* –

Generally, an agent for a disclosed principal is not personally liable on contracts that he signs for the principal. *See Hull v. S. Coast Catamarans*, L.P., 365 S.W.3d 35, 45 (Tex. App.—Houston [1st Dist.] 2011, pet. denied); *see also* Restatement (Third) of Agency § 6.01 (2006). "An officer or director [of a corporation] may not be held liable in damages for inducing the corporation to violate a contractual obligation, provided that the officer or director acts in good faith and believes that what he does is for the best interest of the corporation." Holloway v. Skinner, 898 S.W.2d 793 (Tex., 1995) (*quoting Maxey v. Citizen's Nat'l Bank*, 507 S.W.2d 722, 726 (Tex.1974)). "Even the officers and directors of an

19

ordinary corporation, while acting as such, are not personally liable even though they recommend a breach of a valid contract." *Id.* at 795 (*quoting Russell v. Edgewood Indep. Sch. Dist.*, 406 S.W.2d 249, 252 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.)).

The evidence in the Trial record shows that the Lease in question was signed by Chris Barger in his capacity as a "Manager." (RR, Vol. 4 of 4, page 19). The evidence in the Trial record shows that the Lease in question was signed by Monica Barger in her capacity as a "President." (RR, Vol. 4 of 4, page 21). The Guaranty of Lease was presented to both Chris Barger and Monica Barger, but the form was never filled in, and it was never signed.

It is clear from the fact that the parties were presented a separate document regarding a personal guaranty of the Lease, that the intent of the Parties was that HOSB was the only person obligated under the lease. This was the basis for Appellants Chris Barger and Monica Barger signing the document with their titles. The Court erroneously overruled Appellants objection to the relevance of a document that did not relate to the Lease. (RR, Vol 2 of 4, page 29, lines 6-7). As such, the Trial Court erroneously awarded a judgment to the Appellee and against Chris Barger and Monica Barger in their individual capacities. The Appellants now ask that this Court reverse the Trial Court judgment in as much as any personal liability would fall on Chris Barger or Monica Barger.

20

## ISSUE FOUR

THE TRIAL COURT ERRONEOUSLY AWARDED DAMAGES TO THE APPELLEE AFTER THE APPELLANT TERMINATED THE LEASE BETWEEN THE PARTIES.

*Standard of Review –*

**Legal Sufficiency**

A legal sufficiency challenge asserts that there is a complete lack of evidence to support a finding. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275 (Tex. App.–Amarillo 1988, writ denied). If successful, the proper remedy for legal insufficiency of evidence generally is rendition of judgment in favor of the complaining party. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex. 1986) (per curiam). In deciding a legal sufficiency challenge, the court "view[s] the evidence in a light that tends to support the disputed finding and disregard[s] evidence and inferences to the contrary." *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam). The legal sufficiency standard is classified as either "no evidence" or "matter of law," depending on whether the complaining party had the burden of proof. *Raw Hide*, 766 S.W.2d at 275.

**Abuse of Discretion**

The abuse of discretion standard applies when a trial court has discretion to either grant or deny relief based on its factual determinations. *See Bocquet v.Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). Applying the abuse of discretion standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief. *See Gen. Tire, Inc.v. Kepple* , 970 S.W.2d 520, 526 (Tex. 1998).

In determining whether the trial court has abused its discretion, an appellate court reviews the record in the light most favorable to the trial court's action and indulges every legal presumption in favor of its decision. *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). As the Texas Supreme Court has explained:

> The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. Rather, it is a question of whether the court acted without reference to any guiding rules and principles. Another way of stating the test is whether the act was arbitrary or unreasonable.

*Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex. 1985) (internal citations omitted). As interpreted by later courts, the *Downer* test for abuse of discretion is whether the discretionary rulings were (1) arbitrary or unreasonable *or* (2) without reference to any guiding rules and principles. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995). Thus, even if the trial court refers to the proper guiding rules and principles, an unreasonable or arbitrary

discretionary ruling is an abuse of discretion. *Id*. At least one court has incorrectly summarized the *Downer* test by combining the two separate formulations to form a single test. *Walker v. Guiterrez,* 111 S.W.3d 56, 62 (Tex. 2003) (the "trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles."). In a more recent case, however, the Texas Supreme Court correctly stated the *Downer* test. *See Cire v. Cummings*, 134 S.W.3d 835, 839 (Tex. 2004).

*Argument* –

The Appellee agreed to make some necessary changes on the premises in Section 35 of the Lease to accommodate the business of the Appellant HOSB. (RR, Vol. 4 of 4, page 18). The Record shows that the Appellee failed to complete the necessary work prior to the Appellants taking possession when the Appellee presented Robert Whitaker, the manager of the premises at trial. (RR, Vol. 2 of 4, pages 40-51. The Record shows that the Appellee failed to complete the necessary work prior to the Appellants taking possession when the Appellee presented Doug Zorens, the contractor hired by Robert Whitaker, at trial. (RR, Vol. 2 of 4, pages 73-83).

The Contractor clearly states that no additional work was performed after July 27, 2012. He testifies, "No, I wasn't taking no instructions after that point. I was done." (RR, Vol. 2 of 4, page 76,lines 21-22). The Appellant Chris Barger testified

23

that the instructions for the flooring were given in August of 2012. (RR, Vol. 3 of 4, page 42,lines 6-10). The Appellee never denied having received the Appellants' notice of their intent to terminate the Lease for failure to complete the flooring. (RR, Vol. 4 of 4, page 30). In fact, the Notice of Termination by Tenant was of the Appellee's own trial Exhibits.

Proper notice under the terms of the Lease was delivered. The testimony at trial was that the Appellee failed to complete the work in question. The Appellee never responded to the Appellants' Notice of Termination by Tenant. As such, the record does not support a ruling in favor of the Appellee for damages. The Trial Court was in error to make any award for damages based on a Lease which was terminated.

## ISSUE FIVE

THE TRIAL COURT ERRONEOUSLY AWARDED DAMAGES TO THE APPELLEE AFTER THE APPELLANT SHOWED THAT THE APPELLEE FAILED TO PROPERLY MITIGATE ITS OWN DAMAGES.

*Standard of Review –*

**Legal Sufficiency**

A legal sufficiency challenge asserts that there is a complete lack of evidence to support a finding. *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 275 (Tex. App.–Amarillo 1988, writ denied). If successful, the

proper remedy for legal insufficiency of evidence generally is rendition of judgment in favor of the complaining party. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex. 1986) (per curiam). In deciding a legal sufficiency challenge, the court "view[s] the evidence in a light that tends to support the disputed finding and disregard[s] evidence and inferences to the contrary." *Wal-Mart Stores, Inc.v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003) (per curiam). The legal sufficiency standard is classified as either "no evidence" or "matter of law," depending on whether the complaining party had the burden of proof. *Raw Hide*, 766 S.W.2d at 275.

**Abuse of Discretion**

The abuse of discretion standard applies when a trial court has discretion to either grant or deny relief based on its factual determinations. *See Bocquet v.Herring*, 972 S.W.2d 19, 20-21 (Tex. 1998). Applying the abuse of discretion standard is especially appropriate when the trial court must weigh competing policy considerations and balance interests in determining whether to grant relief. *See Gen. Tire, Inc.v. Kepple* , 970 S.W.2d 520, 526 (Tex. 1998).

In determining whether the trial court has abused its discretion, an appellate court reviews the record in the light most favorable to the trial court's action and indulges every legal presumption in favor of its decision. *Holley v. Holley*, 864

S.W.2d 703, 706 (Tex. App.–Houston [1st Dist.] 1993, writ denied). As the Texas

Supreme Court has explained:

> The test for abuse of discretion is not whether, in the opinion of the
> reviewing court, the facts present an appropriate case for the trial
> court's action. Rather, it is a question of whether the court acted
> without reference to any guiding rules and principles. Another way of
> stating the test is whether the act was arbitrary or unreasonable.

*Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241-42 (Tex.

1985) (internal citations omitted).  As interpreted by later courts, the *Downer* test

for abuse of discretion is whether the discretionary rulings were (1) arbitrary or

unreasonable *or* (2) without reference to any guiding rules and principles.

*McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995). Thus, even if the trial

court refers to the proper guiding rules and principles, an unreasonable or arbitrary

discretionary ruling is an abuse of discretion.  *Id*. At least one court has incorrectly

summarized the *Downer* test by combining the two separate formulations to form a

single test. *Walker v. Guiterrez,* 111 S.W.3d 56, 62 (Tex. 2003) (the "trial court

abuses its discretion if it acts in an arbitrary or unreasonable manner without

reference to any guiding rules or principles."). In a more recent case, however, the

Texas Supreme Court correctly stated the *Downer* test. *See Cire v. Cummings*, 134

S.W.3d 835, 839 (Tex. 2004).

*Argument –*

26

The only evidence of the Appellee's attempts to mitigate their own damages was a commercial lease signed by Houston Home Remodeling and More. (RR, Vol. 4 of 4, pages 38-55). However, the lease in question does not reflect the same space contracted for in the Lease before this Court. (RR, Vol. 4 of 4, pages 6-21). The addresses do not match.

The Property Code imposes a duty on a landlord to mitigate damages if a tenant abandons the leased premises in violation of the lease. See TEX. PROP. CODE ANN. § 91.006(a) (West 2007). This duty requires the landlord to use objectively reasonable efforts to re-lease the premises when the tenant vacates in breach of the lease. *See Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.*, 948 S.W.2d 293, 299 (Tex. 1997). However in this case, there is no evidence that the amount of money that the Appellee received from the Houston Home Remodeling and More commercial lease was a leasehold of similar value. No evidence was presented as to the value of any attempt by the Appellee to re-lease the premises for the Lease before this Court.

As such, the Trial Court erroneously found that the Appellee had, in fact, fulfilled his duty to mitigate his damages in this matter.

———————◆———————

PRAYER

27

I respectfully submit that all things are regular and that the final judgment of trial court should be reversed.

Respectfully submitted,

By: _____
Ernie Garcia
Texas Bar No. 24072106
616 FM 1960, Suite 105
Houston, Texas 77090
Tel. (832) 305-7694
Fax (832) 553-2984
ATTORNEY FOR APPELLANTS

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing instrument has been mailed to the opposing counsel at the following address on February 6, 2014:

Jason D. Kraus
13910 Champion Forest Drive
Suite 110
Houston, Texas 77069
Fax: (281) 840-5611

_____
Ernie Garcia

**APPENDICES**

TEX. R. CIV. P. 165a ........................................................................................... 9
TEX. PROP. CODE § 91.006(a) ......................................................................... 27

## RULE 165a. DISMISSAL FOR WANT OF PROSECUTION

1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. At the dismissal hearing, the court shall dismiss for want of prosecution unless there is good cause for the case to be maintained on the docket. If the court determines to maintain the case on the docket, it shall render a pretrial order assigning a trial date for the case and setting deadlines for the joining of new parties, all discovery, filing of all pleadings, the making of a response or supplemental responses to discovery and other pretrial matters. The case may be continued thereafter only for valid and compelling reasons specifically determined by court order. Notice of the signing of the order of dismissal shall be given as provided in Rule 306a. Failure to mail notices as required by this rule shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

2. **Non-Compliance With Time Standards.** Any case not disposed of within time standards promulgated by the Supreme Court under its Administrative Rules may be placed on a dismissal docket.

3. **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a. A copy of the motion to reinstate shall be served on each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable. The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

In the event for any reason a motion for reinstatement is not decided by signed written order within seventy-five days after the judgment is signed, or, within such other time as may be allowed by Rule 306a, the motion shall be deemed overruled by operation of law. If a motion to reinstate is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to reinstate the case until 30 days after all such timely filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

4. **Cumulative Remedies.** This dismissal and reinstatement procedure shall be cumulative of the rules and laws governing any other procedures available to the parties in such cases. The same reinstatement procedures and timetable are applicable to all dismissals for want of

prosecution including cases which are dismissed pursuant to the court's inherent power, whether or not a motion to dismiss has been filed.

## TEXAS PROPERTY CODE

## TITLE 8. LANDLORD AND TENANT

## CHAPTER 91. PROVISIONS GENERALLY APPLICABLE TO LANDLORDS AND TENANTS

Sec. 91.006. LANDLORD'S DUTY TO MITIGATE DAMAGES.

(a) A landlord has a duty to mitigate damages if a tenant abandons the leased premises in violation of the lease.

(b) A provision of a lease that purports to waive a right or to exempt a landlord from a liability or duty under this section is void.