PER CURIAM
The Department of Family and Protective Services challenges the court of appeals's reversal of a trial court order granting the Department sole managing conservatorship of a nine-year-old child, F.E.N. ("Fay").[1] The issue of sole managing conservatorship was part of a larger proceeding that resulted in the termination of Fay's parents' parental rights. The court of appeals reversed the trial court's judgment to the extent it terminated father's parental rights and awarded sole managing conservatorship to the Department. 542 S.W.3d 752, 772 (Tex. App.-Houston [14th Dist.] 2018). The conservatorship issues were severed and remanded to the trial court for a new trial.
The underlying proceeding and this appeal demonstrate the difficulties that may arise when issues of termination and conservatorship are joined and litigated in a single proceeding. Despite these difficulties or perhaps because of them, we agree that a remand of the conservatorship issues for a new trial is the correct disposition here. We accordingly deny the Department's petition for review but write to explain more fully our reasons for doing so.
We begin with Fay's parents. Fay's father works as a shrimper. His job requires repeated and extended periods at sea. Fay's parents never married, and their relationship ended around the time of Fay's birth. But even though Fay's mother and father ceased to live together, father continued to visit Fay when he was ashore. These visits came to an end after the Department removed Fay because of mother's repeated drug abuse and neglect. Father was apparently unaware of mother's drug problem, the circumstances of his daughter's neglect, or that the Department had previously been appointed managing conservator of his child because of these issues.
Mother's continued drug abuse, however, caused the Department to remove Fay from her mother's custody altogether and to place the child in foster care. Fay was only three years old at the time. Although father's paternity had not been established, *76 the Department initiated proceedings to terminate the parental rights of both Fay's parents, serving father for the first time.[2] The Department also sought appointment as Fay's sole managing conservator on the termination of the parents' respective rights. Father answered the Department's action with a general denial.
The case did not proceed to trial until May 10, 2017, over four years after Fay's removal and placement in foster care. Fay is nine and has remained with the same foster family this entire time. Before the termination proceedings, Fay's mother voluntarily elected to relinquish her parental rights. Fay's maternal grandmother and paternal aunt, however, intervened in the Department's suit, seeking to be named as Fay's managing conservator.[3] Father's intentions remained unclear because his general denial to the Department's suit was his only pleading in the matter.
Following a bench trial, the court ruled that father had established his paternity but that his parental rights should nevertheless be terminated on several grounds. See TEX. FAM. CODE § 161.001(b)(1)(C) (voluntary abandonment), (E) (endangerment), (F) (failure to support), (N) (constructive abandonment). And after terminating both parents' parental rights, the court disposed of the pending conservatorship issues with the following finding:
The Court finds that the appointment of a parent or both parents as managing conservator would not be in the best interest of the child, F.E.N., because the appointment would significantly impair the child's physical health or emotional development; and it would not be in the best interest of the child to appoint a relative of the child or another person as managing conservator.
Only father appealed. He complained that the evidence was insufficient to terminate his parental rights and that the court had violated his fundamental right as a parent by naming the Department as Fay's permanent managing conservator.
The court of appeals reversed the trial court's judgment and remanded in part. All members of the appellate panel agreed that no evidence supported the termination of father's parental rights. 542 S.W.3d at 768. A majority of the panel also concluded that the Department's appointment as sole managing conservator was an abuse of discretion. Id. at 772 ; but see id. at 772-74 (Boyce, J. dissenting). The appellate court accordingly reversed the trial court's judgment terminating father's paternal rights and naming the Department as sole managing conservator. But the court did not render judgment for father on the latter issue. Instead, the court remanded the matter "to the trial court for a determination of conservatorship." Id. at 772.[4] The disagreement between the justices in the court of appeals was over the sufficiency of the evidence supporting the Department's appointment as sole managing conservator.
The Family Code provides that a parent or the parents shall be appointed managing conservator "unless the court finds that [the] appointment ... would not be in the best interest of the child because the appointment would significantly impair the child's physical health or emotional *77 development." TEX. FAM. CODE § 153.131(a). The statute creates a parental preference by placing the burden on the non-parent seeking conservatorship to establish that the parent's appointment would result in significant impairment to the child. We have indicated that such proof should include the acts or omissions of the parent demonstrating that result. Lewelling v. Lewelling , 796 S.W.2d 164, 167 (Tex. 1990).[5] Although we do not agree in all respects with the court of appeals's analysis of the underlying evidence here, we agree with its decision to remand the issue of conservatorship for a new trial. The record indicates that the Department's suit was primarily directed at terminating father's parental rights and that father's focus was singularly on preserving those rights. As a consequence, the record with respect to conservatorship was not adequately developed and that inadequacy is reflected in the trial court's boiler-plate disposition of the conservatorship issue following the court's termination of parental rights.
As we understand the court of appeals's judgment, the Department and father have been returned to the positions they occupied before the termination suit except that father has now established his paternity and attendant rights. The Department remains temporary managing conservator subject to a new trial on conservatorship. With that understanding, we deny the Department's petition for review.
Justice Busby did not participate in this decision.

We use the same pseudonym as the court of appeals. See Tex. Fam. Code § 109.002(d) ; Tex. R. App. P. 9.8.

Father's name appears on Fay's birth certificate, but in all prior proceedings he was only listed as an "alleged father."

The record does not reveal why Fay's foster parents chose not to intervene. See Tex. Fam. Code § 102.003(a)(9) (governing standing of foster parents to file suit affecting the parent-child relationship).

The court of appeals's judgment provides additional detail, expressly directing the trial court to conduct a new trial on conservatorship no later than 180 days after the issuance of its mandate.

In Lewelling , we did not address whether the parent's conduct must be of a certain type or nature; we held only that, to overcome the parental presumption, a nonparent seeking custody is "required to identify some act or omission committed by [the parent] which demonstrates that naming [the parent] as managing conservator will significantly impair [the child's] physical health or emotional development." 796 S.W.2d at 168.