

## Fourth Court of Appeals
### San Antonio, Texas

## OPINION

No. 04-19-00807-CV

**IN THE INTEREST OF J.M.T.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-00140
Honorable Charles E. Montemayor, Associate Judge Presiding

### SUPPLEMENTAL OPINION ON RECONSIDERATION EN BANC

Opinion by:      Luz Elena D. Chapa, Justice

Sitting en banc:   Sandee Bryan Marion, Chief Justice
Rebeca Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: December 23, 2020

REVERSED AND RENDERED

### BACKGROUND

On July 1, 2020, this court issued an opinion holding the evidence was legally insufficient to support the trial court's finding that termination of the parent-child relationship between William[1] and J.M.T. was in the child's best interest. *In re J.M.T.*, No. 04-19-00807-CV, 2020 WL 3547971, at *7 (Tex. App.—San Antonio July 1, 2020, no pet. h.) (mem. op.). The panel issued a

---

[1] To protect the identity of the minor child, we refer to appellant by his first name and to the child by her initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

judgment, reversing the part of the trial court's order that terminated William's parental rights and rendering judgment denying the Department of Family and Protective Services's petition for termination. Because William did not challenge the appointment of the Department as J.M.T.'s permanent managing conservator,[2] that part of the trial court's order remained in effect.

The Department filed motions for rehearing and for reconsideration en banc, each raising the same two issues. In its first issue, the Department "did not contest" the evidence is factually insufficient to support the trial court's best-interest finding, but challenged the panel's holding the evidence is legally insufficient. In its second issue, the Department argued that even if the evidence is legally insufficient, the court should remand for a new trial instead of rendering judgment denying termination. In support of its second argument, the Department cited to this court's opinion in *In re R.M.*, No. 04-19-00218-CV, 2019 WL 3642647 (Tex. App.—San Antonio Aug. 7, 2019, no pet.) (mem. op.), in which the court reversed the order terminating appellant's rights and remanded for a new trial. The sole reason stated for the remand was "because we conclude the evidence is legally and factually insufficient to support the trial court's best interest finding." *R.M.*, 2019 WL 3642647, at *6.

Here, the authoring panel denied the motion for rehearing. The court, en banc, requested and received a response to the second issue raised in the motion for reconsideration en banc: whether "[e]ven if legally insufficient, this case should be remanded for a new trial." The court subsequently granted en banc reconsideration of the second issue in the Department's motion to reconsider the panel's disposition of the appeal to ensure uniformity in this court's decisions. *See* TEX. R. APP. P. 41.2(c). The panel's July 1, 2020 opinion, holding the evidence presented at trial

---

[2] The trial court's order made the specific findings required by section 153.131 of the Texas Family Code, thus supporting the conservatorship order independently of the termination order. *See* TEX. FAM. CODE § 153.131; *In re J.A.J.*, 243 S.W.3d 611 (Tex. 2007).

was legally insufficient to support the trial court's finding that termination of the parent-child relationship between William and J.M.T. was in the child's best interest, remains the opinion of the court. *See J.M.T.*, 2020 WL 3547971. However, we withdraw the judgment issued July 1, 2020, and substitute the one issued today.

### THE GENERAL RULE REQUIRING RENDITION OF JUDGMENT

When a party raises both legal and factual sufficiency points, the court of appeals should rule on the legal sufficiency point first. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX. L. REV. 361, 369 (1960)). Generally, if the court of appeals sustains the legal sufficiency point, "it is the court's duty to render judgment for appellant." *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 176 (Tex. 1986). These principles, which are incorporated into Rule 43.3 of the Texas Rules of Appellate Procedure, are "mandatory and . . . courts of appeals are not at liberty to disregard them." *Bradleys' Elec., Inc. v. Cigna Lloyds Ins. Co.*, 995 S.W.2d 675, 677 (Tex. 1999). The principles apply equally in parental rights termination cases; if the court concludes the evidence is legally insufficient, "[r]endition of judgment in favor of the parent would generally be required." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

### THE "INTEREST OF JUSTICE" EXCEPTION

Notwithstanding the general rule, an appellate court has broad discretion to remand for a new trial in the interest of justice, even when rendition would otherwise be appropriate. *See* TEX. R. APP. P. 43.3(b); *Dahlberg v. Holden*, 238 S.W.2d 699, 704 (Tex. 1951). In order to properly exercise that discretion, the court must state it is doing so and the opinion must reflect the basis for the court's action. *See Nat'l Life & Acc. Ins. Co. v. Blagg*, 438 S.W.2d 905, 910 (Tex. 1969) (holding that where appellate court's opinion and judgment did not assign any reason for

remanding case instead of rendering and did not reflect basis for the court's action, appellate court had not exercised its discretion and its judgment remanding for a new trial could not stand).

A remand in the interest of justice after concluding the evidence is legally insufficient to support a judgment may be appropriate for a variety of reasons. *See* 6 ROY W. MCDONALD & ELAINE A. GRAFTON CARLSON, TEX. CIV. PRAC. § 33.15 (2d ed. rev. 2019). The "most compelling" reason is the overruling of existing precedent on which the losing party relied at trial. *Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex. 1992). Other situations in which the interest of justice suggests remanding for a new trial instead of rendering judgment include where "it appears that a party may have proceeded under the wrong legal theory," *Boyles v. Kerr*, 855 S.W.2d 593, 603 (Tex. 1993); when the court clarifies the substantive law applicable to the case in the appeal, *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 505 (Tex. 2018); when there is legally insufficient evidence to support a default judgment, *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 929 (Tex. 2009) (whether the default judgment is due to a failure to answer or a failure to appear, the judgment should be reversed and remanded; in both types of default judgment, the uncontested proceedings are abbreviated and perfunctory and are less likely to result in a fully-developed factual record); and in other unique situations when the case was not fully developed, *Dahlberg*, 238 S.W.2d at 704; *In re F.E.N.*, 579 S.W.3d 74, 77 (Tex. 2019) (op. on denial of pet.).[3]

Although appellate courts have broad discretion to remand in the interest of justice, justice does not require parties be afforded another "bite at the apple." *Jackson v. Ewton*, 411 S.W.2d 715, 719 (Tex. 1967). Thus, "[t]he ends of justice do not require a remand in every instance where a

---

[3] The Department discusses a case in which the court of appeals remanded for a new trial in the interest of justice because it found legally insufficient evidence to support the damage award. However, remand in that case is proper as a general rule because "uncertainty as to the fact of legal damages is fatal to recovery, but uncertainty as to the amount will not defeat recovery." *Sw. Battery Corp. v. Owen*, 115 S.W.2d 1097, 1099 (Tex. 1938). Where a legal right to damages has been established but the amount awarded is not supported by legally sufficient evidence, remand for a new trial is the proper disposition. *Sw. Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 721 (Tex. 2016).

case was tried on the wrong theory or where the evidence was not fully developed." *Kissman v. Bendix Home Sys., Inc.*, 587 S.W.2d 675, 678 (Tex. 1979) (internal citations omitted); *see Mobil Oil Corp. v. Frederick*, 621 S.W.2d 595, 596 (Tex. 1981) (holding court of appeals had duty to render judgment after reversing when court did not indicate it was remanding in the interest of justice and party had not urged there was additional evidence that could be offered on disputed issue); *In re Marriage of Gomez*, No. 07-98-0089-CV, 1998 WL 918884, at *5 (Tex. App.—Amarillo Dec. 29, 1998, pet. denied) (not designated for publication) (holding remand was not a proper disposition when party did "not suggest that she was denied the opportunity during the trial to adduce evidence on the issue, or even that such evidence is available in the event of a remand," and "a remand would merely afford [party] the opportunity for another 'bite at the apple'"); *Praetorian Mut. Life Ins. Co. v. Humphrys*, 484 S.W.2d 413, 419 (Tex. Civ. App.—Fort Worth 1972, writ ref'd n.r.e.) (stating that although plaintiffs tried case on an erroneous theory, concurred in by the trial court, they did not suggest in their briefs that their case had not been fully developed or that any evidence not presented would be available if the case were remanded; and holding that to remand under these circumstances would "appear improper" and "would merely afford plaintiffs an opportunity for another 'bite at the apple'").

### THIS COURT'S PRIOR DECISIONS IN PARENTAL TERMINATION APPEALS

Upon holding the evidence legally insufficient to support an order terminating parental rights, this court generally reverses and renders an order denying the petition to terminate, in accordance with the general rule set forth in *In re J.F.C.*, 96 S.W.3d at 266, and Texas Rule of Appellate Procedure 43.3. *E.g.*, *In re A.G.B.*, No. 04-19-00711-CV, 2020 WL 354770, at *1 (Tex. App.—San Antonio Jan. 22, 2020, no pet.) (mem. op.); *In re A.B.R.*, No. 04-18-00634-CV, 2019 WL 287349 (Tex. App.—San Antonio Jan. 23, 2019, no pet.) (mem. op.); *In re A.G.K.*, No. 04-16-00315-CV, 2016 WL 6775590 (Tex. App.—San Antonio Nov. 16, 2016, no pet.) (mem. op.);

*In re D.M.*, No. 04-14-00858-CV, 2015 WL 3398379 (Tex. App.—San Antonio May 27, 2015, no pet.) (mem. op.); *In re A.J.L.*, No. 04-14-00013-CV, 2014 WL 4723129 (Tex. App.—San Antonio Sept. 24, 2014, no pet.) (mem. op.); *In re E.D.*, 419 S.W.3d 615, 622 (Tex. App.—San Antonio 2013, no pet.); *In re F.G.*, No. 04-00-00266-CV, 2001 WL 995312 (Tex. App.—San Antonio Aug. 31, 2001, no pet.) (mem. op.).

However, we have exercised our discretion to remand for a new trial in the interest of justice on several occasions when unique circumstances resulted in the case not having been fully developed in the trial court. *See In re J.E.H.*, 384 S.W.3d 864 (Tex. App.—San Antonio 2012, no pet.) (holding evidence legally insufficient to support termination and remanding in the interest of justice because "unique circumstances" caused the case not to be fully developed; due to lengthy recess during trial, both attorneys and trial court had proceeded on mistaken assumption that more evidence had been introduced than what record reflected); *In re U.B.*, No. 04-12-00687-CV, 2013 WL 441890 (Tex. App.—San Antonio Feb. 6, 2013, no pet.) (mem. op.) (holding evidence insufficient to support trial court's summary termination of father's rights under section 161.002(b)(1), but remanding case in the interest of justice for new trial on grounds alleged under section 161.001 because trial court made no findings on those grounds and both parties requested remand); *see also In re J.A.J.*, No. 04-14-00684-CV, 2014 WL 7444340 (Tex. App.—San Antonio Dec. 31, 2014, no pet.) (mem. op.) (holding evidence insufficient to support order naming non-parents sole managing conservators and remanding in the interest of justice because trial court rendered order after status hearing and case "had not been fully heard, developed, or tried").

In other cases, when no unique circumstances were presented, we have expressly declined the Department's request to remand a suit for termination of parental rights for a new trial after the Department failed to meet its burden of proof. *See A.B.R.*, 2019 WL 287349, at *1 (denying Department's request to remand for a new trial on termination after holding evidence legally

insufficient); *In re M.M.*, No. 04-16-00632-CV, 2017 WL 188097, at *3 (Tex. App.—San Antonio Jan. 18, 2017) (mem. op.) (after holding evidence legally insufficient to support finding that termination was in child's best interest, court declined to exercise discretion to remand for a new trial so Department could fully develop facts regarding child's best interest because Department had notice proof was required for three years before case was tried), *aff'd in part, rev'd in part on other grounds*, 538 S.W.3d 540 (Tex. 2017); *A.G.K.*, 2016 WL 6775590, at *13 (rejecting Department's argument that interests of justice justify a new trial whenever Department fails to satisfy its heightened burden of proof and appellant does not challenge appointment of non-parent as managing conservator of children).

As the Department pointed out in its motion for reconsideration en banc, this court has previously remanded a suit for termination of parental rights for a new trial after sustaining a legal sufficiency challenge without any finding that a remand was necessary in the interest of justice and without providing any indication it was exercising its discretion. *See In re R.M.*, No. 04-19-00218-CV, 2019 WL 3642647 (Tex. App.—San Antonio Aug. 7, 2019, no pet.) (mem. op.) ("Because we conclude the evidence is legally and factually insufficient to support the trial court's best interest finding, we reverse the portion of the trial court's order terminating [appellant's] parental rights and remand this cause to the trial court for a new trial."). Our own review has disclosed two additional cases in which, having found the evidence legally insufficient to support the termination of parental rights, we reversed the order of termination and remanded for a new trial without finding that remand was in the interest of justice or explaining why it was not in the interest of justice to render the judgment the trial court should have. *See In re M.C.V.*, No. 04-18-00971-CV, 2019 WL 2194541 (Tex. App.—San Antonio May 22, 2019, no pet.) (mem. op.); *In re A.Q.W.*, 395 S.W.3d 285, 291 (Tex. App.—San Antonio 2013, no pet.).

As discussed above, when we sustain an appellant's legal sufficiency point, we generally have a "duty to render judgment for appellant." *Lewis*, 709 S.W.2d at 176. We may determine, in our discretion, that remanding for a new trial is in the interest of justice, but in that event we must affirmatively state in our opinion that we are exercising our discretion and state our reasons for doing so. *See Blagg*, 438 S.W.2d at 909-10. But if we remand instead of rendering after sustaining a legal sufficiency point, and we "assign[] no reason at all for remanding the cause for another trial" and "[n]either the court's opinion nor its judgment reflect the basis of the court's action," we have "not exercise[d our] discretion to remand in the interest of justice" and the judgment is improper. *Id.* at 910. A panel of this court, having sustained a legal sufficiency point in a suit for termination of parental rights, must render the judgment the trial court should have rendered unless the panel expressly exercises its discretion to remand in the interest of justice and provides its reason for doing so. To the extent our prior opinions remanded for a new trial after holding the evidence legally insufficient to support termination of a parent's rights, without expressly exercising our discretion to remand in the interest of justice, we overrule them. We do not express any opinion as to whether a remand in the interest of justice would have been a proper disposition in those cases. We now turn to the proper disposition in this case.

## DISPOSITION OF THIS APPEAL

The Department makes three arguments in urging us to exercise our discretion to remand the case for a new trial on the petition to terminate William's parental rights: 1) the evidence was not fully developed at trial; 2) rendering a judgment denying termination will leave J.M.T. "in foster-care limbo;" and 3) this court's sole focus should be the best interest of the child. We consider these in turn.

The Department first asserts we should remand the case in the interest of justice because the evidence on best interest was not fully developed at trial. We agree the evidence introduced at

trial by the Department was paltry. The only witnesses were its investigator and one of its caseworkers. The investigator testified only about events that occurred before the first hearing in the case. The caseworker was assigned to the case only four of the nine months the case was pending. She did not testify whether another caseworker was assigned to work with J.M.T. and William while she was absent and did not testify she had reviewed the Department's file or was otherwise familiar with what occurred in the case during her absence. The testimony takes up only twenty pages of the reporter's record.

The Department is clearly correct that the facts were not fully developed at trial. However, there is no suggestion the parties mistakenly believed more evidence had been presented, as in *J.E.H.*, or that the evidence was not developed because the case was tried on an incorrect theory, as in *U.B. See U.B.*, 2013 WL 441890, at *2; *J.E.H.*, 384 S.W.3d at 871-72. Moreover, it is not the case that the evidence of best interest was undeveloped because the parties were "singularly focused" on another issue. *See F.E.N.*, 579 S.W.3d at 76-77 (agreeing with court of appeals's decision to remand conservatorship issue after reversing both termination and conservatorship orders and rendering judgment denying termination because record reflected parties were singularly focused on father's parental rights and as a consequence, record on conservatorship was not adequately developed). There is no suggestion in the record or any contention in the Department's brief that it was prevented from or unable to present any witness or evidence it wanted to present or that evidence was not presented due to inadvertence or some unusual circumstance. To the contrary, the state of the evidence appears to have been the result of the Department's deliberate choice, and it argued in the trial court and on submission to the panel on appeal that the evidence it presented was more than sufficient to prove by clear and convincing evidence that termination of William's rights was in J.M.T.'s best interest.

The Department asks us to hold it is in the interest of justice to remand for a new trial so it may have another opportunity to prove the essential elements of its case, even though its failure to do so in the first instance was not the result of any unique circumstance and has not been excused or explained. We agree with William that the mere failure of proof regarding the best-interest element of its suit for termination of rights, alone, is not sufficient reason for us to exercise our discretion to remand.[4] *See Jackson*, 411 S.W.2d at 719.

The Department next contends that because William retains his parental rights, but the part of the order naming the Department J.M.T.'s managing conservator was left intact, the interest of justice requires us to remand for a new trial so that J.M.T. is not "stuck in foster-care limbo." We considered the same argument and rejected it in *A.G.K. See* 2016 WL 6775590, at *13. As the Texas Supreme Court has explained, the Family Code guards against this concern by providing for continued consideration of the child's best interest when a parent retains his rights after an appeal, but the Department remains the child's conservator:

> Jackson argues that requiring separate challenges to conservatorship decisions and termination orders will have "nightmarish" results for those who neglect to do so, resulting in the *de facto* termination of parental rights for parents who may not regain custody of their children despite successfully appealing termination. The Family Code, however, guards against that possibility. The trial court retains jurisdiction to modify a conservatorship order if it is in the child's best interest, and the parent's or child's circumstances have materially and substantially changed since the order was rendered. Moreover, the Family Code recognizes a parent's standing to file a suit to modify a conservatorship order. When the Department has been named a child's managing conservator, the court "shall hold a hearing to review the conservatorship appointment" at least once every six months until the child becomes an adult. At each hearing, the Department must file a placement-review report in which it addresses "whether the child's parents are willing and able to provide the child with a safe environment" and "the extent of progress made towards alleviating or mitigating" the causes for which the child was removed from his home. These hearings are mandated by both the Texas Family Code and Title

---

[4] If we were to hold the interest of justice required a remand *solely* because the Department presented legally insufficient evidence of best interest, there would be no reason for us to conduct a legal sufficiency review in future cases. Only a factual sufficiency review would be needed because remand would always be the disposition if the evidence were insufficient.

IV of the Social Security Act, sections 422(b)(8)(A)(ii), 471(a)(16), and 475(5)(B), and guarantee that courts will continuously review the propriety of the Department's conservatorship, until a point when the child's family appears capable of providing for the child's best interests. The Department will then ask to be dismissed as the child's managing conservator.

*J.A.J.*, 243 S.W.3d at 617 (citations omitted). Further, if warranted, the Department may file a new action to terminate William's parental rights and may in some instances use evidence from the prior proceeding. *See* TEX. FAM. CODE §§ 161.001, 161.004; *In re N.A.V.*, No. 04-19-00646-CV, 2020 WL 1250830, at *3 (Tex. App.—San Antonio Mar. 17, 2020, pet. denied) (mem. op.).

The Department's argument would apply in all cases in which we reverse a termination order for legally insufficient evidence, but the order naming the Department managing conservator is either unchallenged or affirmed. We hold the fact the child will remain under the conservatorship of the Department is *alone* insufficient reason to exercise our discretion to remand for a new trial instead of rendering the judgment we have a duty to render. *See J.F.C.*, 96 S.W.3d at 266; *Lewis*, 709 S.W2d at 176.

Finally, the Department asserts this court's primary consideration should be the child's best interest and her interest in permanency, which can be best and more quickly achieved if we remand the case for a new trial. In support of its assertion, the Department quotes our opinion in *D.M.*, in which we stated, "we focus on the best interest of the child, not the best interest of the parent." *In re D.M.*, 452 S.W.3d 462, 470 (Tex. App.—San Antonio 2014, no pet.). However, we made that statement in the context of reviewing the evidence and analyzing the factors relevant to the trial court's best-interest finding. *See id.* In this case, this court focused on the child's best interest and permanency when the panel reviewed the evidence in light of the *Holley* factors and concluded it was legally insufficient to support the best-interest finding.

In determining whether to exercise our discretion to remand, we must consider not only the child's best interest but also the parent's fundamental constitutional interest in maintaining his

parental rights. *See Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). "This natural parental right has been characterized as 'essential,' 'a basic civil right of man,' and 'far more precious than property rights.'" *Id.* (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1976)). We therefore have a duty to carefully scrutinize involuntary termination proceedings. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). The Department, having failed to meet its burden of proof and having offered no excuse or unusual circumstances to explain the failure, asks us to exercise our discretion by remanding for a new trial on the previous petition instead of rendering judgment. We conclude the interest of justice does not require a remand in this case.

## CONCLUSION

In conclusion, we hold that in the usual case when the evidence is found to be legally insufficient to support a trial court's termination order, we have a duty to render judgment denying the petition to terminate. However, when unique or unusual circumstances resulted in the case not being fully developed, we may exercise our discretion to remand for a new trial in the interest of justice. In that event, our opinion should indicate we are exercising our discretion and provide our reasons for doing so. We further hold that, ordinarily, the fact the Department failed to meet its burden of proof and the child remains in managing conservatorship of the Department is not alone sufficient reason to exercise our discretion to remand for a new trial in the interest of justice. In this case, nothing in the record compels us to exercise our discretion and deviate from the general rule.

In accordance with the panel's opinion holding the evidence is legally insufficient to support the trial court's finding that termination of William's rights is in J.M.T.'s best interest, we reverse the trial court's order of termination. *See In re J.M.T.*, No. 04-19-00807-CV, 2020 WL 3547971, at *7 (Tex. App.—San Antonio July 1, 2020, no pet. h.) (mem. op.). We deny the

Department's request to remand for a new trial in the interest of justice and instead we render judgment denying the Department's petition for termination.[5]

Luz Elena D. Chapa, Justice

---

[5] We do not disturb other parts of the trial court's order, including the appointment of the Department as J.M.T.'s permanent managing conservator, because William does not challenge any part of the order other than the termination of his parental rights. *See J.A.J.*, 243 S.W.3d at 617.