

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00361-CV

———————————————

KENNETH OKONKWO, Appellant

V.

CONNECTIONS WELLNESS GROUP, LLC AND LANDON AWSTIN GREGG,
Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 20-5246-431

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Kenneth Okonkwo filed this pro se appeal from a final summary judgment imposing a permanent injunction against him and awarding damages to appellees Connections Wellness Group, LLC and its owner and Chief Executive Officer, Landon Awstin Gregg (collectively, Connections). Although Okonkwo's brief barely meets the minimum standards for form and substance,[1] we are able to discern five distinct arguments: (1) the permanent injunctive relief is an unconstitutional prior restraint on speech; (2) the trial court ruled on the motion for summary judgment before Okonkwo's time to file a response had elapsed; (3) Connections failed to prove the elements of its invasion of privacy and assault claims, including damages; (4) Okonkwo proved he did not commit the acts alleged by Connections and, thus, raised a genuine issue of material fact defeating summary judgment; and (5) the trial court failed to consider his affirmative defenses. We affirm the trial court's judgment.

## I. BACKGROUND

Connections sued Okonkwo for damages and permanent injunctive relief on three causes of action: (1) tortious interference with prospective relations; (2) invasion

---

[1]*See* Tex. R. App. 38.1(f), 38.9; *Weeks Marine, Inc. v. Garza*, 371 S.W.3d 157, 162 (Tex. 2012); *Dinkins v. Calhoun*, No. 02-17-00081-CV, 2018 WL 2248572, at *7 (Tex. App.—Fort Worth May 17, 2018, no pet.) (mem. op.); *see also Craaybeek v. Craaybeek*, No. 02-20-00080-CV, 2021 WL 1803652, at *3–4 (Tex. App.—Fort Worth May 6, 2021, pet. denied) (mem. op.) (observing that pro se appellants are bound by the rules of appellate procedure and explaining difference between flagrant rules violations and violations that nevertheless present grounds for review).

of privacy; and (3) bodily-injury-threat assault. The petition alleged that after Connections Wellness fired Okonkwo for falsifying his professional qualifications, Okonkwo retaliated by sending racist and threatening text and voice mail messages to Connections' employees, while posing as Gregg.

Okonkwo raised affirmative defenses in his answer and filed a motion to dismiss the suit, which he titled "TCPA Dismissal Under Rule 91a Per Collateral Estoppel, and Res Judicata See Generally Tex. Civ. Prac. & Rem. Code Ann §§ 27.001–.011." In this motion, he appeared to generally seek dismissal under both the TCPA and Rule 91a. Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011; Tex. R. Civ. P. 91a. Okonkwo also denied engaging in the conduct underlying Connections' claims.

After Connections filed a response to Okonkwo's dismissal motion, contending that he had done nothing more than raise fact issues, the trial court denied Okonkwo's motion to dismiss and awarded Connections $5,000 in attorney's fees. Connections then filed a motion for summary judgment in which it contended it had proven all of its claims as a matter of law because Okonkwo had failed to respond to its requests for admissions, resulting in their deemed admission and establishing all elements of its causes of action. Okonkwo did not respond to the motion for summary judgment, nor did he request withdrawal of the deemed admissions.

The trial court granted the summary judgment motion and signed a final judgment awarding Connections $24,264.84 in actual damages and a permanent

3

injunction enjoining Okonkwo from (1) contacting Gregg or any Connections Wellness employee or agent by phone, text, email, or other electronic means, "with the intent to harass, alarm, annoy, torment[,] or terrorize"; (2) impersonating Gregg or any Connections Wellness employee or agent by phone, text, email, or other means; (3) making any disparaging remarks about Gregg, Connections Wellness, or any Connections Wellness employee or agent; and (4) aiding, abetting, inducing, directing, or enticing any person to engage in any of the acts enjoined in (1)–(3).

Okonkwo filed this appeal. He makes five discernible arguments in his brief:

(1) The permanent injunction is an unconstitutional prior restraint on speech.

(2) The trial court improperly prevented Okonkwo from submitting his own evidence because the trial court granted summary judgment prematurely.

(3) Connections failed to prove Okonkwo committed an invasion of privacy or assault and, thus, it failed to establish any damages.

(4) Okonkwo proved that he did not commit the acts Connections alleged its petition.

(5) The trial court failed to address all of Okonkwo's affirmative defenses.

## II.  UNPRESERVED COMPLAINTS

### A.  PREMATURE RULING

In his second discernible issue, Okonkwo complains that the trial court did not give him adequate time to respond to Connections' motion for summary judgment. He bases his complaint on a letter from the trial court dated October 16, 2020, the

4

day Connections filed its motion. In the letter, the trial court indicates that it had set the motion for submission on November 13, 2020:

> A Motion for Summary Judgment has been filed in this cause and will be decided without argument at the Court's earliest convenience following the submission date referenced above. Please note that . . . the submission date is the same as a hearing date for purposes of calculating the deadline to file a response to the motion or for movant's reply to the response, if any.
>
> . . . .
>
> Respondent shall provide the Court with *a courtesy copy* of the Response to the MSJ. . . .
>
> In order to ensure a timely ruling on the motion, these materials must be submitted in hard copy form to my court administrator . . . no earlier than the submission date and no later than seven (7) days after the submission date. Please note that if you send these materials to the District Clerk, I will not see them and my decision on your motion will be delayed.

[Emphasis added.]

Error-preservation rules apply to summary judgment proceedings. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 164 (Tex. 2018); *see also* Tex. R. App. P. 33.1(a). Thus, a nonmovant must preserve an inadequate-notice complaint in the trial court. *See, e.g., May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.); *Smith v. Mike Carlson Motor Co.*, 918 S.W.2d 669, 673 (Tex. App.—Fort Worth 1996, no writ); *see also Rockwell v. Wells Fargo Bank, N.A.*, No. 02-12-00100-CV, 2012 WL 4936619, at *1 (Tex. App.—Fort Worth Oct. 18, 2012, no pet.) (mem. op.)

5

(noting difference between complaint of inadequate notice before summary judgment submission date and complaint of no notice at all).

Okonkwo failed to argue and obtain a ruling from the trial court on his complaint that the trial court erroneously granted summary judgment prematurely— before the trial court's letter deadline for filing courtesy copies of documents.[2] We therefore overrule his second identified issue.

## B. Permanent Injunction as Prior Restraint on Speech

The majority of Okonkwo's brief is devoted to his argument that the permanent-injunctive relief granted in the final judgment constitutes an impermissible prior restraint on his free-speech right under Article I, Section 8 of the Texas Constitution. Although Okonkwo raised this argument in some of his pre-summary-judgment filings—his request to dissolve the temporary restraining order and his motion to dismiss the suit—he did not file any document responsive to the motion for summary judgment, nor did he file any postjudgment motions.

Generally, the nonmovant must expressly present to the trial court any reasons for avoiding the movant's right to summary judgment. *See* Tex. R. Civ. P. 166a(c);

_____

[2]Even if Okonkwo had preserved his complaint, we would overrule it. Connections filed its motion on October 16, 2020, and the trial court signed its judgment on November 16, 2020. Therefore, the motion was on file more than twenty-one days before the trial court ruled on it. *See* Tex. R. Civ. P. 166a(c) ("Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing."). And Okonkwo failed to file a summary judgment response during that time.

*D.R. Horton-Tex., Ltd. v. Markel Int'l Ins.*, 300 S.W.3d 740, 743 (Tex. 2009). This includes even constitutional complaints. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003); *In re S.V.*, 599 S.W.3d 25, 40 (Tex. App.—Dallas 2017, pet. denied) (complaint that injunction constituted a prior restraint on free-speech right); *In re F.E.N.*, 542 S.W.3d 752, 768 (Tex. App.—Houston [14th Dist.] 2018) (op. on reh'g), *pet. denied*, 579 S.W.3d 74 (Tex. 2019) (due-process violation).

Because Okonkwo did not raise this complaint in response to the summary judgment motion or in a postjudgment motion challenging the judgment, we hold that he failed to preserve these two arguments for appeal. *See* Tex. R. App. P. 33.1(a)(1); *S.V.*, 599 S.W.3d at 40. We overrule his first identified issue.

## III. SUMMARY JUDGMENT MERITS

Okonkwo's three remaining issues relate to the merits of the summary judgment.

### A. CONNECTIONS' MOTION

In his third discernible issue, Okonkwo argues that Connections failed to prove its invasion of privacy and assault claims and, thus, its entitlement to damages. But Okonkwo did not brief a general complaint as to the summary judgment's propriety, nor did he specifically challenge the sufficiency of the evidence to support the tortious-interference-with-prospective-relations claim.

An appellant may challenge a summary judgment by making either a general assignment of error covering all possible grounds (a "*Malooly* issue") or specific

assignments of error for each individual ground. *See Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Matney v. Harbor Gardens Condominiums (Phase II) Ass'n of Owners*, No. 02-16-00272-CV, 2017 WL 5494252, at *2 (Tex. App.—Fort Worth Nov. 16, 2017, no pet.) (mem. op.). "When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground." *Matney*, 2017 WL 5494252, at *2.

Connections moved for summary judgment on all three of its pleaded claims, and the trial court's summary judgment and damages award was general; it granted the summary judgment "in all things." Because Okonkwo has not challenged all grounds on which the summary judgment could have been based, we overrule his third identified issue.

### B. NO RESPONSE

As his fourth discernible issue, Okonkwo argues throughout his brief that he provided proof that he did not commit the underlying acts alleged in Connections' petition. But in the trial court, Okonkwo did not respond to the summary judgment motion according to Rule 166a(c). Tex. R. Civ. P. 166a(c). "[I]ssues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence." *McConnell v. Southside ISD*, 858 S.W.2d 337, 341 (Tex. 1993). By not filing a response

according to Rule 166a(c), Okonkwo provided no evidence to defeat Connections' entitlement to summary judgment according to the civil-procedure rules. We therefore overrule his fourth identified issue.

### C. AFFIRMATIVE DEFENSES

Related to his fourth issue, Okonkwo argues that the trial court erred by failing to consider his affirmative defenses. But if a nonmovant relies on an affirmative defense to oppose a summary judgment motion, he must come forward with summary judgment evidence sufficient to raise a fact issue on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Although Okonkwo raised affirmative defenses in his answer and in other filings not responsive to Connections' summary judgment motion, he filed no answer or response specific to the summary judgment motion and did not proffer competent summary judgment evidence raising a genuine issue of material fact on each element of his affirmative defenses, as was his burden. *See Reed v. Lake Country Prop. Owners Ass'n, Inc.*, No. 02-17-00136-CV, 2017 WL 6759146, at *3 (Tex. App.—Fort Worth Dec. 28, 2017, pet. denied) (mem. op.); *Lujan v. Navistar Fin. Corp.*, 433 S.W.3d 699, 704 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Thus, Connections needed only to conclusively establish its claims, not defeat Okonkwo's pleaded-but-not-proved affirmative defenses. *Lujan*, 433 S.W.3d at 704. We overrule his fifth identified issue.

## IV.  CONCLUSION

Having overruled the five distinct complaints we have identified in Okonkwo's brief, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Delivered:  May 5, 2022